Filed 6/23/25  P. v. Childress CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336052 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA356413) |
| v. | |
| JOEL VINCENT CHILDRESS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Joel Vincent Childress (defendant) appeals the denial of his petition for vacatur and resentencing filed pursuant to Penal Code section 1172.6.[1]  He contends the trial court erred by finding him ineligible for relief under section 1172.6 as a matter of law and denying his petition at the prima facie stage.  Defendant alleges he made a prima facie showing of eligibility under the statute because faulty jury instructions were given at his 2011 trial.  Finding no merit to defendant's contention, we affirm the order.

## BACKGROUND

In a 2011 amended information defendant was charged in count 1 of murder committed on or about February 5, 2008, in violation of section 187, subdivision (a).  In count 2, defendant and two codefendants, Kelsie James Palmer and Eric Gerare Allen, were charged with murder committed on or about May 8, 2009.  Defendant and his codefendants were also charged with two counts of attempted murder, also on May 8, 2009 (counts 3 and 4).  In count 5 defendant and his codefendants were charged with making criminal threats in violation of section 422.

Defendant and codefendants were tried together before a single jury.  Defendant and his codefendants were convicted of counts, 2, 3, 4, and 5 as charged, and the jury found true the special allegations associated with those counts.

On December 1, 2011, defendant was convicted of second degree murder as to count 1 and first degree murder as to count 2. The jury found true the gang allegation of section 186.22,

---

[1]  All further unattributed code sections are to the Penal Code unless otherwise stated.

2

subdivision (b)(1),² as well as the special circumstance of section 190.2, subdivision (a)(3), which provides the penalty for a first degree murder conviction is "death or imprisonment in the state prison for life without the possibility of parole if . . . [¶] . . . [¶] . . . defendant, in this proceeding, has been convicted of more than one offense of murder in the first or second degree." As to count 2, the jury found true the special circumstance of section 190.2, subdivision (a)(22), that defendant intentionally killed while he was an active participant in a criminal street gang and the murder was carried out to further the activities of the gang. As to both counts 1 and 2, the jury also found true the sentence enhancement allegations as charged in the information that a principal personally used, and a principal intentionally discharged, a firearm, which caused death to the victim, and a principal personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivisions (c), (d) and (e)(1).

On January 3, 2012, defendant was sentenced to the middle term of two years in prison as to count 5 as the base term, plus a consecutive five-year enhancement due to the gang finding. Terms imposed consecutively to count 5 consisted of 15 years to life as to count 1, plus a firearm enhancement of 25 years to life, life without the possibility of parole as to count 2, plus a firearm enhancement of 25 years to life, a life term on each of counts 3 and 4, plus a consecutive firearm enhancement of 25 years to life. The remaining firearm and gang enhancements were imposed

---

²      Section 186.22, subdivision (b)(1) provides a sentence enhancement when the crime was committed in association with a criminal street gang with the specific intent to assist in criminal conduct by gang members.

and stayed. We affirmed the judgment in *People v. Childress* (Sept. 4, 2013, B238241) (nonpub. opn.).

In February 2023, defendant filed a form petition for resentencing under section 1172.6 and Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775), which provide retroactive relief from convictions of murder, attempted murder, or manslaughter, which would be invalid under current law. (See § 1172.6, subd. (a).)[3] The trial court appointed counsel to represent defendant, received briefing from defendant and the prosecution, and conducted a hearing to determine whether defendant had made a prima facie showing of eligibility for resentencing. (§ 1172.6, subds. (b) & (c).) The court conducted the hearing on November 28, 2023, and after a brief argument by the prosecutor, the parties submitted the matter on their briefs. The trial court found defendant was ineligible for relief as a matter of law and denied the petition.

Defendant filed a timely notice of appeal from the order of denial.

---

[3] Defendant filed a section 1172.6 petition in 2019, which was denied in *People v. Childress* (Apr. 21, 2021, B299879) (nonpub. opn.). On appeal, we affirmed relying on the facts stated in our opinion affirming the judgment, without appointing counsel. (See *People v. Childress, supra*, B238241.) Effective January 1, 2022, the Legislature enacted Senate Bill 775, amending former section 1170.95 and codifying the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961–970 (*Lewis*), which requires, upon the filing of a sufficient petition, holding a prima facie determination hearing and appointing of counsel if requested. (Stats. 2021, ch. 551, § 2; see now § 1172.6, subd. (b)(1)(C) & (3).) Defendant later filed the current petition, and the trial court followed the procedure.

## DISCUSSION

Defendant contends the trial court erred in finding him ineligible under section 1172.6 as a matter of law and denying his petition at the prima facie stage as to the second degree murder conviction.[4]

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill also enacted former section 1170.95, now section 1172.6, which provides a procedure to petition for retroactive relief for those who could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, citing *Lewis, supra,* 11 Cal.5th at pp. 959–960 & *People v. Gentile* (2020) 10 Cal.5th 830, 843.)

As relevant here, defendant checked the boxes on his form petition for the three qualifying conditions specified in

---

[4] Defendant challenges only the denial of the petition as to count 1 and does not seek reversal and remand as to count 2 (the first degree murder conviction) or counts 3 and 4 (attempted murder convictions). The criminal threats, like the first degree murder and the attempted murders were committed more than a year after the second degree murder, and they were therefore unrelated to count 1.

subdivision (a) of section 1172.6, alleging the following: the charging document filed against him allowed the prosecution to proceed under the felony murder rule, the natural and probable consequences doctrine, or other theory under which malice is imputed to him based solely on his participation in a crime; he was convicted of murder; and he could not presently be convicted of murder because of changes to section 188 or 189 made effective January 1, 2019. When, as here, all three conditions are alleged in the petition, a hearing is conducted at which the court must determine whether the petitioner has made a prima facie showing of eligibility for resentencing. (§ 1172.6, subds. (b) & (c).) If so, the court issues an order to show cause and conducts an evidentiary hearing under section 1172.6, subdivision (d)(3).

At the prima facie stage of the proceedings, the allegations of the petition must be accepted as true but, without engaging in factfinding, the trial court may look to the record of conviction to determine whether the allegations have been refuted as a matter of law. If so, a prima facie showing cannot be made, and the petition is properly denied. (*Lewis, supra*, 11 Cal.5th at pp. 971–972.) At this stage, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971, citation omitted.) "'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*) However, the trial court may deny the petition at the prima facie stage of the proceedings when the facts in the record of conviction *conclusively* refute the allegations of the petition. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

We independently review the trial court's prima facie determination whether a petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

Defendant argues the jury instructions given at his trial could have caused the jury to impute to him the malice of the actual perpetrator. The trial court found there were no instructions given at defendant's trial regarding felony murder, the natural and probable consequences doctrine, or imputed malice, and the jury was instructed only with direct aiding and abetting. Defendant acknowledges there were no jury instructions regarding the natural and probable consequences doctrine. He does not claim the jury was instructed regarding felony murder, and we have found no instruction in the record regarding imputed malice.[5]

Second degree implied malice murder was not eliminated by Senate Bill 1437. (*People v. Gentile, supra*, 10 Cal.5th at p. 850.) Senate Bill 1437 eliminated only second degree murder under the natural and probable consequences theory; in other words, a defendant can no longer be convicted of murder because he aided and abetted a different crime, the natural and probable consequence of which was murder. (*People v. Hin* (2025) 17 Cal.5th 401, 441.) A crime intentionally aided and abetted is known as the "target offense." (*People v. Pacheco* (2022) 76 Cal.App.5th 118, 123.) When the target offense and the crime

---

[5]     Nothing in the instructions given here refers to imputed malice, only express and implied malice, and "[i]mplied malice is not imputed malice." (*People v. Carr* (2023) 90 Cal.App.5th 136, 139.)

7

committed are the same, the aider and abettor is liable as a "'direct'" aider and abettor. (*Ibid*.)

Defendant's jury was instructed with CALJIC No. 8.30 that "[m]urder of the second degree is the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation." CALJIC No. 8.11 defined express malice as the intent to kill and implied malice as follows: "1. The killing resulted from an intentional act; [¶] 2. The natural consequences of the act are dangerous to human life; and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life." As given, CALJIC 8.11 also instructed: "When it is shown that a killing resulted from the intentional doing of an act with express or implied malice, no other mental state need be shown to establish the mental state of malice aforethought. [¶] . . . [¶] The word 'aforethought' does not imply deliberation or the lapse of considerable time. It only means that the required mental state must precede rather than follow the act."

Other jury instructions which defendant claims to be relevant to his arguments include CALJIC Nos. 3.00, 3.01, 8.20,[6] and 8.30. CALJIC No. 3.00 defined principals in a crime as including: "1. Those who directly and actively commit or attempt to commit the act constituting the crime, or [¶] 2. Those who aid and abet the commission or attempted commission of the crime." CALJIC No. 3.01 was read to the jury in relevant part as follows:

---

[6] CALJIC No. 8.20 defines first degree (premeditated) murder. As defendant challenges only the denial of his petition relating to his second degree murder conviction, the content of CALJIC No. 8.20 is not relevant here.

8

"A person aids and abets the commission or attempted commission of *a crime* when he or she:  [¶]  (1) [w]ith knowledge of the unlawful purpose of the perpetrator, and  [¶]  (2) [w]ith the intent or purpose of committing or encouraging or facilitating the commission of the crime, and  [¶]  (3) [b]y act or advice, aids, promotes, encourages or instigates the commission of the crime." (Italics added.)  CALJIC No. 8.30 defines second degree murder as "the unlawful killing of a human being with malice aforethought when the perpetrator intended unlawfully to kill a human being but the evidence is insufficient to prove deliberation and premeditation."

Relying primarily on *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*), defendant argues the combination of jury instructions given at his trial regarding second degree murder and aiding and abetting created an ambiguity that could have resulted in the jury finding him guilty of second degree murder by imputing to him the implied malice of the actual killer.

In *Langi*, that defendant was one of four men who beat and robbed a group of people, one of whom died after someone in the defendant's group punched him, causing him to fall and hit his head, which was fatal.  (*Langi, supra*, 73 Cal.App.5th at p. 975.)  The defendant was convicted of second degree murder, robbery and battery.  (*Id.* at p. 977.)  His section 1172.6 petition alleged "that another member of his group threw the fatal punch and that, although the court at his trial did not give an instruction framed in terms of the natural and probable consequences theory, the instructions were ambiguous and allowed the jury to find him guilty of murder under a theory under which malice was imputed to him based solely on his participation in a crime." (*Langi,* at p. 975.)

9

Defendant notes that in *Langi* the jury was instructed with CALJIC Nos. 3.01 and 8.31. The *Langi* court observed that, as given to the jury, CALJIC No. 8.31 defined second degree murder and instructed that the *perpetrator* must have acted with conscious disregard for human life,[7] whereas CALJIC No. 3.01, which defined aiding and abetting, did not have the same requirement of the aider and abettor. (*Langi, supra*, 73 Cal.App.5th at pp. 982–983.) The *Langi* court thus concluded, "under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, [the defendant] need only have intended to encourage the *perpetrator's intentional act*—in this case, *punching* [the victim]—whether or not [he] intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Id.* at p. 983, italics added.)[8] The *Langi* case does not support defendant's claim, as it was based only on the facts of that case.

Here, the sole conviction for a crime committed on February 5, 2008, was second degree murder, unrelated to

---

[7] CALJIC No. 8.31 was not given to defendant's jury.

[8] The *Langi* court recognized the *Lewis* holding that in making a prima facie determination, "'"'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.'"'" (*Langi, supra*, 73 Cal.App.5th at p. 979, quoting *Lewis, supra*, 11 Cal.5th at p. 971.) Thus, it follows the allegation that one of the defendant's companions threw the fatal punch was accepted as true for prima facie purposes by the *Langi* court, although the jury did not necessarily find who threw the fatal punch. (See *Langi, supra*, at p. 980.)

defendant's other convictions committed on May 8, 2009.[9] Defendant's jury was instructed that an aider and abettor must know of the perpetrator's unlawful purpose and intend to encourage or facilitate the commission of the crime. "Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions." (*People v. Sanchez* (2001) 26 Cal.4th 834, 852.) Thus, defendant was convicted as an aider and abettor who knew the purpose of the actual perpetrator was murder and who intended to facilitate the target offense, resulting in the crime committed and the target offense being the same, and defendant a "'direct'" aider and abettor. (*People v. Pacheco, supra*, 76 Cal.App.5th at p. 123.) A direct aider and abettor "is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that [he] was not the actual killer, but . . . acted with malice aforethought that was not imputed based solely on participation in a crime. (§§ 188, subd. (a)(3), 189(e); [citations].)" (*People v. Lopez, supra*, 78 Cal.App.5th at p. 14.) As the record does so here, defendant is ineligible for resentencing as a matter of law.

---

[9] Here, defendant's petition did not contain factual allegations, as the *Langi* defendant's petition did. (See *Langi, supra*, 73 Cal.App.5th. at p. 975.) Defendant's petition merely alleged the three legal conclusions required to qualify for a prima facie hearing and the appointment of counsel. (See § 1172.6, subds. (a), (b)(3) & (c).) "A petitioner has multiple opportunities to proffer specific facts. [T]he initial petition itself, which is not limited to the allegations found on preprinted forms, begins . . . the inquiry." (*People v. Patton* (2025) 17 Cal.5th 549, 567.)

Moreover, aiding and abetting implied malice murder is based upon the definition of implied malice, which was not changed by Senate Bill 1437 or 775. (*People v. Schell* (2022) 84 Cal.App.5th 437, 442, citing *People v. Gentile, supra*, 10 Cal.5th at p. 850.) "One who directly aids and abets another who commits murder is . . . liable for murder under the new law just as he or she was liable under the old law." (*People v. Offley* (2020) 48 Cal.App.5th 588, 596.) The law prior to defendant's trial was the same: "the direct perpetrator's mental state could *not* be imputed to an aider and abettor, whose mental state had to be independently evaluated." (*People v. Burns* (2023) 95 Cal.App.5th 862, 868 (*Burns*), citing *People v. McCoy* (2001) 25 Cal.4th 1111, 1121.) Thus, to the extent the instructions given to defendant's jury might have been confusing regarding the required mens rea, at the time of defendant's trial it "amount[ed] to 'a routine claim of instructional error' that 'could have been asserted on appeal from the judgment of conviction.'" (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936.) Defendant "'cannot use it to resurrect a claim that should have been raised in his [direct] appeal.'" (*Ibid*., quoting *Burns, supra*, at p. 865.)

Defendant was entitled to an evidentiary hearing under section 1172.6, subdivision (d) *only* if he made a prima facie showing of all *three* conditions listed in subdivision (a). (*Burns, supra*, 95 Cal.App.5th at p. 867.) Defendant has failed to make a prima facie showing of the third condition, that he "could not presently be convicted of murder . . . *because of changes to Section 188 or 189 made effective January 1, 2019.*" (§ 1172.6, subd. (a)(3), italics added.) Defendant's claim of instructional error was available to him at the time of his appeal from the judgment. His murder conviction has not become invalid because of changes to

12

the murder statutes made by Senate Bill 1437, as it did not change the existing law prohibiting direct aider and abettor liability on an imputed malice theory. (*People v. Berry-Vierwinden, supra*, 97 Cal.App.5th at p. 936.)

As defendant's murder conviction remains valid following the changes in the murder laws effective 2019, he did not make a prima facie showing under section 1172.6, and the trial court did not err in denying the petition. Furthermore, as malice was not imputed to defendant, he is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The November 28, 2023 order denying defendant's section 1172.6 petition is affirmed.

                                        CHAVEZ, J.

We concur:


LUI, P. J.


ASHMANN-GERST, J.

13